UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUIS MARROQUIN | CIVIL ACTION |
| VERSUS | NO: 23-1836 |
| CROSBY DREDGING, LLC | SECTION: "J"(1) |

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment Regarding Maintenance and Cure Claims* **(Rec. Doc. 14)** filed by Defendant, Crosby Dredging, LLC ("Crosby"). Plaintiff, Luis Marroquin, opposes the motion (Rec. Doc. 233), and Defendant has filed a reply (Rec. Doc. 28). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Luis Marroquin was employed as a dredge mate aboard the Dredge Vinton Crosby when he slipped and fell after allegedly being ordered to clean the deck of the dredge with diesel fuel degreaser. Plaintiff subsequently filed suit against Crosby Dredging, seeking maintenance and cure related to the neck and back injuries he claims resulted from this incident. Defendant has now filed the instant motion for summary judgment, arguing that Plaintiff omitted prior work-related injuries from the pre-employment medical questionnaire he filled out before he began working for Crosby. Because of this alleged concealment, Defendant

argues that, in accordance with the ruling in *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968), Plaintiff is precluded from recovering damages for maintenance and cure.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its

own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Prior to beginning his employment with Crosby in 2022, Plaintiff signed a pre-employment medical questionnaire that indicated he had never suffered any back or neck pain. Printed at the top of this questionnaire was a warning that stated "Attention: you must answer truthfully regarding the below medical conditions. Failure to answer truthfully will result in immediate termination and forfeiture of workers compensation benefits and forfeiture of maintenance and cure." (Rec. Doc. 14-4, at 2). However, contrary to the answers on that questionnaire, Plaintiff had previously suffered a workplace injury while working at an offshore refinery wherein he suffered multiple disc herniations and had to undergo an Epidural Steroid Injection for his lumbar spine. (Rec. Doc. 14-7).

Generally, a Jones Act employer/vessel owner has an obligation to provide maintenance and cure for any seaman employee if they suffer injuries or become ill while in the service of a vessel. *The Osceola*, 189 U.S. 158, 175 (1903). The Fifth Circuit has explained that, "[t]he vessel owner's obligation to provide this compensation does not depend on any determination of fault, but rather is treated as an implied term of any contract for maritime employment." *Jauch v. Nautical Servs.*, 470 F.3d 207, 212 (5th Cir. 2006). Nonetheless, maintenance and cure will not be owed if it is determined that the seaman "knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed." *Id.* (citing *McCorpen*, 396 F.2d at 548). "Where the shipowner requires the seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure." *McCorpen*, 396 F.2d at 549. To establish the *McCorpen* defense, an employer must show that (1) the seaman intentionally misrepresented or concealed medical facts; (2) the nondisclosed facts were material to the employer's decision to hire the seaman; and (3) a causal link exists between the withheld information and the injury that is the subject of the complaint. *Id.* at 548–49.

As to the first element of the *McCorpen* defense, whether the seaman intentionally misrepresented or concealed medical facts, Plaintiff argues that he was not the one to complete the health section of his pre-employment questionnaire and therefore could not have intentionally misrepresented his health history. Plaintiff

asserts that "he remembers filling out the bottom portion and signing the pre-employment questionnaire" but did not fill out the portion of the form asking about his past health. (Rec. Doc. 23, at 5). Furthermore, Plaintiff argues that, although he can speak English, he reads it very little and cannot write it. *Id.* Therefore, Plaintiff argues, any inconsistencies on the form are an unintentional result of his ignorance, not any intentional misrepresentation.

Defendant responds that Plaintiff misunderstands the meaning of "intentionally" as the Fifth Circuit has defined it in the context of *McCorpen*. When a plaintiff is required to fill out a pre-employment medical form, any subjective intent to deceive is irrelevant. The intentional concealment element of the *McCorpen* defense is an essentially objective inquiry where the employer "need only show that the seaman fail[ed] to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information." *Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015) (internal quotation omitted). In *Meche v. Doucet*, the Fifth Circuit analyzed an analogous situation in which the plaintiff argued he could not have intentionally concealed his medical history from his employer because his daughter-in-law filled out the form for him. However, the court found that because the plaintiff had signed the questionnaire, "whether he personally checked 'No' to the questions about his prior injuries is inconsequential; by signing the final oath on the application, he averred that the application was correct." *Id.* at 248. Likewise, it is irrelevant that Mr. Marroquin asserts he did not fill out the medical history portion of the questionnaire himself. The mere fact that he signed it is enough.

The Court is also not persuaded by Plaintiff's argument that he could not read or write English sufficiently to complete the form. Under Louisiana law, a person who signs a document is "presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it." *In re Cajun Elec. Power Co-op, Inc.*, 791 F.2d 353, 359 (5th Cir. 1986) (quoting *Smith v. Leger*, 439 So.2d 1203, 1206 (La. App. 1st Cir. 1983)). Plaintiff does not allege that anyone defrauded him into signing the pre-employment questionnaire, nor does he assert that he was under any duress. Accordingly, Plaintiff must be bound by his signature, and the first *McCorpen* element is satisfied.

The second *McCorpen* element is whether the nondisclosed facts were material to the employer's decision to hire the seaman. "The fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 175 (5th Cir, 2005). A seaman's "history of back injuries is the exact type of information sought by employers." *Id.* Moreover, courts have granted summary judgment on the materiality element "when the evidence establishes that full disclosure of the plaintiff's medical condition would have prompted his employer to conduct further medical evaluation prior to making a hiring decision." *White v. Sea Horse Marine, Inc.*, No. 17-9774, 2018 WL 3756475, at *3 (E.D. La. Aug. 8, 2018). "However, if an employee can show that, even if undisclosed facts were material, he or she would have been hired regardless, the employer is not entitled to the *McCorpen*

defense to evade its maintenance and cure obligation." *Hare v. Graham Gulf, Inc.*, 22 F. Supp. 3d 648, 654 (E.D. La. 2014) (citing *McCorpen*, 396 F.2d at 551–52). A triable issue of fact remains when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries. *Id.* (citing *Jauch*, 470 F.3d at 212). The principal inquiry becomes whether disclosure of the allegedly concealed medical information would have prevented the employee from being onboard the vessel at the time of the accident, and thus avoiding the accident and complained of injuries. *Jauch*, 470 F.3d at 212–13.

Plaintiff argues that a genuine issue of material of fact remains as to the materiality element because Defendants did not provide any type of declaration or affidavit stating that Mr. Marroquin's previous injury would have affected their hiring decision. However, no such requirement exists under *McCorpen*. The mere fact that Defendant asked about Plaintiff's history with back and neck pain indicates that this information would have been material to their hiring decision. Furthermore, Defendant points out that the job description for the position specifically states that applicants must be prepared for a heavy physical demand, must be able to occasionally life 51-100 pounds, and engage in certain "essential functions" such as kneeling, crawling, balancing, climbing, lifting, and carrying, etc. (Rec. Doc. 14-5, at 2). All are functions that may be affected by back or neck troubles. Thus, as to the second element of the *McCorpen* defense, the Court finds no genuine issue of material fact as to the materiality of Plaintiff's prior injury.

The final element of the *McCorpen* defense asks whether a causal link exists between the withheld information and the injury that is the subject of the complaint. A party seeking to employ a *McCorpen* defense is not required to show that the plaintiff's preexisting injuries were the sole cause of the present injury claimed. *Brown*, 410 F.3d at 176. Instead, "All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *McCorpen*, 396 F.2d at 549. This Court has held that when both a plaintiff's prior injuries and present injuries concern the lower back, the causal link has been met and summary judgment on the issue of the *McCorpen* defense is appropriate. *Flowers v. Magnolia Marine Transport Co.*, No. 22-1209, 2023 WL 5831714, at *4 (E.D. La. Sept. 8, 2023); *Foret v. St. June, LLC*, No. 13-5111, 2014 WL 4539090, at *5 (E.D. La. Sept. 11, 2014) (citing *Weatherford v. Nabors Offshore Corp.*, No. 03–0478, 2004 WL 414948 at *3 (E.D. La. Mar. 3, 2004); *Keys v. Haliburton Co.*, No. 88–1523, 1989 WL 54224 at *4 (E.D. La. May 17, 1989)).

It is undisputed that the injuries Plaintiff suffered in this case affect the same parts of his body as his prior, unreported injury. Plaintiff attempts to argue that the slip and fall injury he alleges in this case would have occurred regardless of his prior back and neck trouble. However, this assertion is irrelevant. The mere fact that Plaintiff's previously concealed injuries are extremely similar to those in the instant matter is enough to establish a causal link. Therefore, the third and final *McCorpen* element is also satisfied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Partial Summary Judgment* **(Rec. Doc. 14)** is **GRANTED**, and Plaintiff's claims for maintenance and cure are dismissed.

New Orleans, Louisiana, this 28th day of February, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE